FAAGAU AITU of Sailele, Appellant

v.

FUAGA of Sailele, Appellee

No. 3-1954*

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Matai Name: "Togiola" of Sailele]

March 8, 1954

ARTHUR A. MORROW, *Chief Justice;* APE, *Associate Judge;* and TAUALA, *Associate Judge.*

OPINION AND ORDER OF AFFIRMANCE

Argued on February 9, 1954 before Morrow, *Chief Justice* and Tauala and Ape, *Associate Judges.*

Lutu, counsel for Faagau Aitu.

Tago, counsel for Fuaga.

MORROW, *Chief Justice*

Fuaga of Sailele filed his application with the Registrar

* See, also, No. 1-1954 entitled *Tauoa et al. v. Lagafua Laisene,* on page 115.

of Titles on September 25, 1952, to be registered as the holder of the matai name Togiola. Aioletuga, Lesolo and Faagau filed objections to the proposed registration, each of them becoming a candidate for the name. When the hearing opened before the Trial Division of the High Court, Aioletuga withdrew his objection and his candidacy and participated no further in the case. The Trial Division decreed that Fuaga should be registered as the holder of the Togiola title. Faagau Aitu appealed from the decree. Lesolo did not.

Faagau urged on his appeal that the Trial Division erred in finding that a plurality of the Family desired that Fuaga hold the title. And he also urged that the Court erred when it found that Fuaga would be of more value to the Government of American Samoa as the holder of the title than would Faagau.

In the argument on the appeal counsel for Faagau claimed that the Appellate Division should grant a new trial upon the ground of newly-discovered evidence. However, it appeared from the argument that such evidence would merely be cumulative, that it was available when the original trial was had, and there was an opportunity to present the evidence to the Trial Division at the time of the hearing of which the appellant did not avail himself. "Evidence discovered by a party litigant subsequent to the trial of his case is, in most if not all jurisdictions, the proper basis of an application for a new trial. In many states this is a statutory ground for new trial. Applications for new trials on the ground of newly discovered evidence are not, however, favored by the courts, for the reason that the moving party has generally had ample opportunity to prepare his case carefully and to secure all of the evidence before the trial. Such applications, whether in a court of law or in a court of equity, are entertained with reluctance and granted with caution, not

only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict. In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should always be subjected to the closest scrutiny by the court. The applicant is required to rebut the presumption that the verdict is correct and that there has been a lack of due diligence and to establish other facts essential to warrant the granting of a new trial upon the ground of newly discovered evidence." 39 Am.Jur. 162. "To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted, that it has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching. The necessity of establishing these essential factors is repeatedly emphasized by the courts in passing upon the propriety of granting or denying new trials upon this ground." 39 Am.Jur. 165. It is very clear to us that since the new evidence that would be offered if a new trial were granted would be merely cumulative, that is of the same kind of the same point as former evidence. And since it was available to Faagau when the case was originally heard and since he had an opportunity to introduce it and did not, his evidence is not "newly discovered" in the sense that is required for granting a new trial on the ground of newly discovered evidence. Faagau had the evidence when the case was originally heard and merely neglected to introduce it.

Furthermore, it does not appear if there were to be a new trial and the so-called newly discovered evidence introduced, that there would be a probability of a change in the finding on the issue of the wish of the majority or plurality of the family. "While the application for a new trial should be granted where it appears that the new evidence, if believed by the jury, would have changed the result, a retrial is properly denied where it is to be concluded that the additional evidence would not have had this effect, or where it is shown that the testimony is conflicting and that there is ample evidence in the record, if believed by the jury, to sustain the verdict." 39 Am.Jur. 165. We have gone over the record and we find an abundance of evidence in it to support the conclusion of the Trial Division that the majority or plurality of the family favored Fuaga to be registered the holder of the title Togiola.

██ "The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of the court unless clearly erroneous . . . ." Amendments to the Code of American Samoa, Nos. 11–59, 1952, par. 10, E, Sec. 213. The Trial Division had before it a petition purporting to be signed by those members of the family supporting each of the candidates. There were 129 signatures on Fuaga's, 148 on Faagau's, and 102 on Lesolo's. Lesolo testified that 40 of the signers on Fuaga's petition were not members of the family. Faagau testified that 96 of the 129 on Fuaga's petition were not members. Lesolo objected to 20 on Faagau's petition claiming they were not members of the family. Fuaga claimed that 145

491

out of the 148 on Faagau's petition were not family members. Faagau claimed that 40 out of the 102 on Lesolo's petition were not family members and Fuaga claimed 100 out of the 102 were not family members. We have a case of serious conflict in the testimony. We cannot say in view of the conflict that the finding of the Trial Division on the issue of the majority or plurality of the family was "clearly erroneous" since there was substantial evidence upon which the Trial Division may very well have based its conclusion.

The Trial Division had before it at the hearing both Fuaga and Faagau. It concluded as the result of its observation of the evidence that Faagau prevailed over Fuaga on the issue of forcefulness, character, personality and capacity for leadership. However, Fuaga is only 35 years of age. He has much more education than Faagau. Fuaga is in the prime of life. Faagau is 64 years of age and in his declining years. The Trial Division concluded, in view of the advanced age of Faagau, that Fuaga would in the end be more valuable to the Government of American Samoa as the holder of the Togiola title than would Faagau. It is obvious to us that if Faagau should be awarded the title, he can only hold it for a few years and then the peace and tranquillity of the family will be greatly disturbed by the necessity of selecting a new matai just as it has been in the selection of a matai this time. We think in view of the evidence that the Trial Division was correct in its conclusion that Fuaga would be of more value to the Government as the holder of the matai name Togiola than would Faagau. Certainly we cannot say that this finding of fact by the Trial Division was clearly erroneous. There was substantial evidence from which the Trial Division could well conclude that Fuaga prevailed over Faagau on the issue of value to the Government as the holder of the matai name.

We find no error. On this record the decision of the Trial Division should be affirmed.

### ORDER OF AFFIRMANCE

Accordingly, it is ORDERED that the decree entered by the Trial Division be and it is hereby affirmed.

Costs in the sum of $5.00 are hereby assessed against Faagau, the same to be paid within 30 days.